THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Karen Mlynarczyk, <br>                                 Plaintiff, <br> vs. <br> CDK Global, LLC. <br>                                 Defendant. | JURY TRIAL DEMANDED |

# COMPLAINT

NOW COMES Plaintiff, Karen Mlynarczyk, by and through her attorneys, Walter Stern and Lisa M. Stauff, complaining of defendant, CDK Global, LLC, as follows:

## NATURE OF THE CASE

1. This is a three-count action seeking redress for damages suffered by plaintiff as a result of defendant's interference and retaliation in violation of the Family Medical Leave Act ("FMLA"), and to recover damages suffered when she reasonably relied upon defendant's unambiguous promises to her detriment under the Illinois doctrine of promissory estoppel.

2. The evidence will show that defendant willfully interfered with Ms. Mlynarczyk's rights to reinstatement under FMLA, retaliated against her for asserting her right to FMLA leave, and punished her for relying upon defendant's Open Door Policy and other directives which ordered Ms. Mlynarczyk to report certain work issues to defendant.

## THE PARTIES

3. Plaintiff is Karen Mlynarczyk, who at all times relevant to this complaint was an employee of Defendant, and was a resident of Cook County, Illinois.

1

4. Defendant is CDK Global, LLC, an Illinois corporation doing business and at all times relevant to this Complaint, employing more than 50 full-time employees in Cook County, Illinois.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under §107(a)(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2617(a)(2)], and under §§1331 and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343].

6. This Court has supplemental jurisdiction of plaintiff's Illinois claims pursuant to 28 U.S.C. §1367.

7. Ms. Mlynarczyk worked for the Defendant in the Northern District of Illinois, and this cause of action arose in that district. Venue is proper by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANT

8. Karen Mlynarczyk was hired by defendant on November 12, 2012 as a Laser Artwork Specialist II, after temping for defendant through an outside vendor for almost a year.

9. At the time of hire, her job duties consisted of preparation of form analysis, preparing complex laser proofs for clients, communicating with and supporting customers.

10. Over time, Ms. Mlynarczyk was promoted to Laser Artwork Specialist III, which added training associates and being the backup to the Team Lead to her existing job duties.

11. Ms. Mlynarczyk provided consistently stellar work to clients, and received above-average job evaluations throughout her years at defendant.

12. On or about September 23, 2016, Ms. Mlynarczyk requested FMLA leave for extreme anxiety, depression, and difficulty managing her blood pressure.

13. On or about September 26, 2016, defendant approved Ms. Mlynarczyk's FMLA leave based on certification paperwork completed by Ms. Mlynarczyk's physician.

14. On or about December 21, 2016, Ms. Mlynarczyk returned to work.

15. On her first day back, plaintiff was presented with a "Final Written Warning" dated September 28, 2016, alleging performance deficiencies and unapproved leave.

16. Ms. Mlynarczyk had never been presented with any written, or even verbal, warnings related to the "Final Written Warning." The last time she had been written up was almost three years prior.

17. Ms. Mlynarczyk reached out to Jzacqu Fields, Director of Human Resources, to protest the "Final Written Warning." She pointed out that many of the points in the document were factually incorrect.

18. Ms. Mlynarczyk also reported to Ms. Fields that her supervisor was holding her accountable for work that was not completed during her FMLA leave.

19. Ms. Mlynarczyk attempted to speak with Ms. Fields, but Ms. Fields never got back to Ms. Mlynarczyk about the "Final Written Warning."

20. On or about January 11, 2017, Ms. Mlynarczyk was terminated from her position.

21. The stated reason for her termination was that her position had been eliminated.

22. Ms. Mlynarczyk's position had not been eliminated.

23. As a proximate result of the actions and/or omissions alleged, Ms. Mlynarczyk lost her job, lost wages, lost employment benefits, suffered pain and other damages.

**FMLA COVERAGE**

24. During Ms. Mlynarczyk's employment with defendant, among other times, defendant was an "employer" within the definition of §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

25. For all times relevant to this Complaint, Ms. Mlynarczyk was an "eligible employee" within the definition of §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

## COUNT I: FMLA INTERFERENCE

26. When defendant decided to fire Ms. Mlynarczyk, it anticipated or feared that she would use in the future additional FMLA leave. Further, terminating Ms. Mlynarczyk interfered with her right to be restored to the same or comparable position that she held before she went on FMLA leave. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

27. Defendant, by firing Ms. Mlynarczyk, interfered with her exercise of her then-current FMLA rights and/or with her exercise of her then-future FMLA rights.

28. As a proximate result of this interference, Ms. Mlynarczyk suffered the damages alleged in paragraph 23.

**Wherefore,** Plaintiff Karen Mlynarczyk prays for:

   a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and the defendant to settle this case;

   b. Wages, employment benefits, and other compensation lost to her as a result of defendant's interference with her rights under FMLA;

   c. Prejudgment interest at the prevailing rate from the date she was retaliated against to the date of the judgment on the award of wages;

   d. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to her as a result of defendant's interference with her rights under FMLA;

   e. Reinstatement to her position or a comparable position, or in the alternative, pay for such a position for a reasonable time into the future;

   f. Reasonable attorney's fees and the costs and expenses of this action; and

   g. Such other relief as this Court deems just and appropriate.

**COUNT II: FMLA RETALIATION**

29. Plaintiff realleges and incorporates paragraphs 1 through 25 of this Complaint.

30. Defendant, by the actions and/or omissions alleged, retaliated against Ms. Mlynarczyk and/or discriminated against her for her exercise of her rights under FMLA in violation of the anti-retaliation and anti-discrimination provisions of §105(a) of the FMLA [29 U.S.C. §2615(a)] and/or in violation of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220].

31. As a proximate result of this retaliation, Ms. Mlynarczyk suffered the damages alleged in paragraph 23.

**Wherefore,** Plaintiff Karen Mlynarczyk prays for:

  a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and the defendant to settle this case;

  b. Wages, employment benefits, and other compensation lost to her as a result of defendant's interference with her rights under FMLA;

  c. Prejudgment interest at the prevailing rate from the date she was retaliated against to the date of the judgment on the award of wages;

  d. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to her as a result of defendant's interference with her rights under FMLA;

  e. Reinstatement to her position or a comparable position, or in the alternative, pay for such a position for a reasonable time into the future;

  f. Reasonable attorney's fees and the costs and expenses of this action; and

  g. Such other relief as this Court deems just and appropriate.

## COUNT III: ILLINOIS PROMISSORY ESTOPPEL

32. Plaintiff restates and realleges paragraphs 1 through 23 above.

33. On information and belief, preceding plaintiff's approved FMLA leave, and when plaintiff attempted to return to work, defendant had an "open door policy" or some such similar employee guidance, whereby employees were encouraged to report any concerns or conflicts in the workplace to defendant, without fear of retaliation.

34. Additionally, plaintiff had been counseled in performance reviews that she needed to involve Human Resources personnel when there were specific issues with her supervisors and co-workers.

35. Before and after plaintiff's FMLA leave, plaintiff availed herself of the Open Door Policy, and followed the directive in her evaluations, and went to Human Resources with workplace issues.

36. These workplace issues often did not reflect well upon plaintiff's supervisor, and for this reason, defendant retaliated against plaintiff.

37. As a result of plaintiff's reasonable reliance upon defendant's Open Door Policy and/or the directives in plaintiff's evaluations, plaintiff was retaliated against and terminated from her position, and suffered damages.

38. Plaintiff states a claim of promissory estoppel under Illinois law because defendant induced plaintiff to reasonably rely upon defendant's promises, to plaintiff's detriment.

**Wherefore,** Plaintiff prays for:

a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

b. Backpay, front pay, and all other employment benefits and compensation lost to Plaintiff as a result of defendant's unlawful actions;

c. Compensatory damages for the harm she suffered as a result of defendant's unlawful actions;

d. Reasonable attorney's fees, expert witness fees, expenses, and cost of this action; and

e. Such other relief as this Court deems just and appropriate.

Respectfully submitted,<br>
Karen Mlynarczyk,<br>
Plaintiff,

By: _____
One of her attorneys

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036